1  Peter R. Afrasiabi (Bar No. 193336)
   Email: pafrasiabi@onellp.com
2  Taylor C. Foss (Bar No. 253486)
   Email: tfoss@onellp.com
3  **ONE LLP**
   23 Corporate Plaza, Suite 150-105
4  Newport Beach, CA 92660
   Telephone:  (949) 502-2870
5  Facsimile:   (949) 258-5081

6  Attorneys for Plaintiff,
   KENNETH BROWAR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BROWAR, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** |
| v. | |
| JHH EXPORT & IMPORT, LLC, a Florida limited liability company; JP GLOBAL GROUP LLC, a Florida limited liability company; JORGE HIDEKI HONMA, an individual; HONMA INDUSTRIA COSMETICA LTDA, a Brazilian limited liability company; and DOES 1-10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**COMPLAINT**

Plaintiff Kenneth Browar ("Browar"), by and through his attorneys of record, complains against Defendants JHH Export & Import, LLC, JP Global Group LLC, Jorge Hideki Honma, Honma Industria Cosmetica Ltda, and DOES 1-10, inclusive, (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2. This Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. §§ 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, the Defendants transact business in this judicial district, and the injury suffered by Browar took place in this judicial district, among others. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Furthermore, Plaintiff's agent for copyright registration and enforcement is located in this judicial district such that a substantial part of the property at issue is situated in Los Angeles, California.

## PARTIES

4. Plaintiff Browar is an individual residing in the state of New York, county of Suffolk.

5. Browar is informed and believes, and upon that basis alleges, that Defendant JHH Export & Import, LLC (hereinafter "JHH") is a limited liability company formed under the laws of the state of Florida, with a principal place of business at 1920 NW 18th St., Pompano Beach, FL 33069.

6. Browar is informed and believes, and upon that basis alleges, that Defendant Jorge Hideki Honma is an individual residing in the state of Florida.

7. Browar is informed and believes, and upon that basis alleges, that Defendant JP Global Group LLC (hereinafter, "JP") is a limited liability company formed under the laws of the state of Florida with principal place of business at 6675 Westwood Blvd, Suite 330, Orlando, FL 32821.

8. Browar is informed and believes, and upon that basis alleges, that Defendant Honma Industria Cosmetica Ltda (hereinafter, "Honma Brazil") is a limited liability company formed under the laws of the nation of Brazil, with a principal place of business at Alameda Mercurio, 89 American Park Empresarial NR Indaiatuba, Sao Paulo, Brazil 13347-662.

9. Browar is informed and believes, and upon that basis alleges, that the above Defendants collectively do business as Honma Tokyo and/or Honma Tokyo USA.

10. Browar is informed and believes, and upon that basis alleges, that each of the foregoing defendants are agents and alter egos of each other for purposes of the claims set forth herein.

11. DOES 1 through 10, inclusive, are unknown to Browar, who therefore sues said Defendants by such fictitious names. Browar will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Browar is informed and believes, and upon such alleges, that each of the Defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that Browar's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

*Plaintiff's Business and the Photographs Forming*

*the Subject Matter of This Dispute*

12. Kenneth Browar is a famous photographer specializing in high-end, high production portrait photography. Mr. Browar's photographs such as the Photos, carry tremendous monetary value. Mr. Browar has published his

photographs in tabletop books and receives royalties for those publications. Further, Mr. Browar displays his photographs at art galleries.

13. Browar has authored many iconic images that have been licensed for substantial amounts of money. Two of these images ("Photos") are the images at issue in this dispute, which depict famous international ballerina Charlotte Landreau. True and correct copies of the Photos are attached hereto as Exhibit A.

14. Below is the first of the two Photos (hereinafter "Photo One") at issue in this litigation:



/ / /

/ / /

/ / /

**COMPLAINT**

15. Below is the second of two Photos (hereinafter "Photo Two") at issue in this litigation:



16. Browar has timely obtained the copyright registration for the Photos with the United States Copyright Office. The Photos at issue are the subject of United States Copyright Registration No. VA 2-034-616 (hereinafter the "Copyright Registration Certificate"). The Copyright Registration Certificates for the Photos are attached hereto as Exhibit B. The Photos were registered before Defendants' copyright infringement of the same.

*The Defendants and the Marketplace*

17. Defendants took several of Plaintiff's timely-registered Photos and reproduced them and publicly displayed them on their commercial website to advertise their services and/or products.

18. Defendants claim intellectual property rights, specifically copyright interests, in their online content. Defendants have used the Photos on their social media, including Facebook:



/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

19. Defendants have made an infringing use of Photo One on their website at https://www.honmatokyo.com.br/:



(https://www.honmatokyo.com.br/; last visited 01/23/2024.)

20. Defendants have made an infringing use of Photo Two on their website at https://www.honmatokyousa.com/:



(https://www.honmatokyousa.com/; last visited 01/23/2024.)

21. Defendants did not seek a license to use the Photos, nor did they ask for permission of any kind to take the Photos and use them for their commercial purposes.

22. On information and belief, Defendants made revenue through the selling of services and/or products on its websites.

23. Despite Defendants' awareness of the importance of intellectual property rights and their potential to incur liability for the infringement of the same, Defendants infringed Browar's copyright to the Photos. True and correct copies of the infringements are attached as Exhibit C, which demonstrate that the Photos were reproduced, publicly displayed, and distributed by Defendants.

24. Plaintiff is informed and believes that Defendants have violated federal law by willfully infringing Browar's copyrights to at least the Photos identified in Exhibit A. Specifically, Defendants reproduced, displayed, and distributed the Photos, and/or derivatives thereof without permission, consent, or license.

25. Browar has never sold, licensed, or authorized the use of the Photos to Defendants.

26. Plaintiff is informed and believes that Defendants have driven significant traffic to their website in large part due to the presence of the sought after and searched for products that were photographed that frame this dispute. Such website traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement, 17 U.S.C. § 501)**

**(By Plaintiff against All Defendants)**

27. Plaintiff Browar incorporates herein by reference the allegations in paragraphs 1 through 26 above.

28. Browar is the rightsholder to the copyright of the Photos, which substantially consist of wholly original material that constitute copyrightable subject matter under the laws of the United States. Browar has complied in all respects with the Copyright Act and all laws of the United States governing copyrights. The Photos have been timely registered with the United States Copyright Office. *See* U.S. Copyright Reg. No. VA 2-034-616.

29. Defendants have directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Browar's copyrights by reproducing, displaying, distributing, and utilizing the Photos for purposes of trade without authorization of or payment to Browar in violation of 17 U.S.C. § 501 et seq.

30. Defendants have willfully infringed, and unless enjoined, will continue to infringe Browar's copyrights by knowingly reproducing, displaying, distributing, and utilizing the Photos for purposes of trade.

31. Plaintiff is informed and believes that Defendants' acts of infringement are willful because, inter alia, the Defendants are sophisticated businesses with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

32. Plaintiff is informed and believes that Defendants, despite such knowledge, willfully reproduced and distributed the Photos, without any right to do so.

33. Defendants have received substantial benefits in connection with the unauthorized reproduction, distribution, and utilization of the Photos for purposes of trade, including by increasing the traffic to their websites and use of their services.

34. Defendants' unauthorized actions were and are continuing to be performed without Browar's permission, license, or consent.

35. Defendants' wrongful acts have caused, and are causing, great injury to Browar, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Browar will suffer

irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Browar seeks a declaration that Defendants are infringing Browar's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Browar's copyrights.

36. As a result of Defendants' wrongful acts alleged herein, Browar has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

37. Because of the willful nature of Defendants' copyright infringement, Browar is entitled to an award of statutory damages of up to $150,000 per copyrighted work.

38. Browar has identified at least twelve copyrighted works infringed by Defendants, which occurred by way of reproduction, public distribution, and public display of the Photo on the Defendants' website.

39. Alternatively, at its discretion, Browar is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

40. Browar is also entitled to its attorneys' fees and costs in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Browar requests judgment against Defendants as follows:

1. That the Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised,

bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Browar's rights in the photographs at issue;

2. That Defendants be held liable to Browar in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504 (a)(2) and (c), and for costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

3. For an accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon Browar's copyrights pursuant to 17 U.S.C. § 504 (a)(1) and (b);

4. Requiring Defendants to account for and pay over to Browar all profits derived by Defendants from their acts of copyright infringement and to reimburse Browar for all damages suffered by Browar by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) and (b);

5. For actual damages pursuant to 17 U.S.C. §§ 504 (a)(1) and (b); and

6. For any such other and further relief as the Court may deem just and appropriate.

Dated: May 3, 2024                **ONE LLP**

                                           By: /s/ Taylor C. Foss
                                                 Taylor C. Foss
                                                 Peter R. Afrasiabi
                                                 Attorneys for Plaintiff,
                                                 Kenneth Browar

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues triable to a jury.

Dated: May 3, 2024　　　　　　　　**ONE LLP**

　　　　　　　　By: /s/ Taylor C. Foss
　　　　　　　　　　Taylor C. Foss
　　　　　　　　　　Peter R. Afrasiabi
　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　Kenneth Browar